VAUGHN *v*. THE STATE.

1. That a bailiff attending upon the city court privately advised the accused to go to trial without counsel and not to demand a jury, and expressed the opinion that he would not be convicted, is no cause for a new trial, the court having offered the accused to furnish him counsel, which offer was declined, and having fully informed him of all his legal rights.

2. The newly discovered evidence was cumulative, of little probative value, and would not probably have produced a different result.

October 9, 1893.                    *Judgment affirmed.*

Indictment for disturbing divine worship.   Before Judge WILLIAMSON.   City court of Monroe county. Special term, April 25, 1893.

1. One ground of the motion for new trial was, that defendant was induced by the misrepresentations of Williamson, bailiff of the city court, to waive his right of trial by jury and go to trial without being represented by an attorney, and not to have witnesses present to sustain his defence.   In support of this ground he brought forward a number of affidavits to the effect that the bailiff had represented to him and his friends, that he knew defendant was not guilty, that he would be a witness for defendant, that he knew all about the charge, that defendant need not have any witnesses subpœnaed and must not employ an attorney nor talk to one, that the bailiff was first cousin to the judge, who would do what he desired, etc.; by which representations defendant was misled and deceived.   As to this ground the court made the following statement: " When the defendant appeared in court for trial, he was asked by the court if he was ready to go to trial, to which he re-

sponded, yes. He was then asked if he had a lawyer, to which he responded, no. The court then told him, if he was not able to employ counsel, that he would appoint him counsel; to which he replied that he did not wish a lawyer, but preferred to go to trial without one. He was then asked if he wished a jury to try him; he replied, no, that he wished to be tried by the court and get through with it. Being asked again by the court if he was ready, he replied, yes. He was formally arraigned, and pleaded not guilty. He gave the solicitor-general the name of the witness, and he was called and sworn with the State's witnesses. The trial was proceeded with regularly. The defendant, Bryant Vaughn, cross-examined the State's witnesses at length, and with such shrewdness as to impress the court with the fact that he realized his position and was doing everything to make a good showing. He introduced his own witness and examined him, great latitude being allowed him in the examination. The court does not believe that he could have possibly been misled, or that he labored under a misapprehension as regards the result of the trial. Every right was zealously guarded for him by the court, and fully explained to him."

2. The motion contained the general grounds and a ground of newly discovered evidence. The indictment was found in August, 1890. The evidence showed that the defendant disturbed the congregation assembled for divine worship at Brown's chapel in Monroe county, July 10, 1890, by standing about thirty or forty yards from the church with his coat and hat off, jumping up, cursing and talking in a loud and boisterous manner, and acting as if he were intoxicated, attracting the attention of several inside of the church who came out. The defendant introduced a witness who testified that he was at Brown's chapel on the same day and was with the defendant and Keith, who had a difficulty at the

spring. Witness did not think this could have. been heard at the church; remained about spring when they went towards church; did not know what they did after leaving spring; they would have to go by the church to go to their homes. The newly discovered evidence was to the effect, that the only disturbance created by the defendant, or by Keith, was some trouble they had at a spring about 250 yards from the church, which could not have been heard at the church; and that one of the witnesses for the State, who testified that he saw the disturbance near the church, was not present.

W. D. Stone, for plaintiff in error. M. W. Beck, solicitor-general, and O. H. B. Bloodworth, *contra*.